IN THE UNITED STATES DISTRICT AND BANKRUPTCY COURTS

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAY D. DOROTHY,<br>10004 Oak Mill Court<br>Fort Worth, TX 76135<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE AIR FORCE,<br>The Pentagon<br>Washington, DC. 20330-1670<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

## COMPLAINT

(Privacy Act, 5 U.S.C. §552a)

Jay D. Dorothy, ("Dorothy"), Plaintiff herein, alleges as follows:

### JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and 5 U.S.C. §552a(g)(1) which provides for redress in the District Courts based upon a violation of the Privacy Act of 1974. A damages award is requested for the harm caused by the unlawful and intentional release of information maintained by Defendant.

### VENUE

2. Venue is proper in this judicial district under 5 U.S.C. §552a(g)(5).

### PARTIES

3. Plaintiff Jay D. Dorothy (referred to hereafter as "Dorothy" or "Plaintiff"), an

individual, is a citizen of the United States who resides at the address stated in the caption.

4. Defendant is an agency of the United States that maintains records as provided under the Privacy Act.

## STATUTE OF LIMITATIONS

5. Under the Privacy Act, suit must be brought within two years of the date on which the action arises. 5 U.S.C. § 552a(g)(5). Plaintiff became aware of the disclosures at issue in this case on or about January 12, 2011. The case is, thus, timely filed.

## STATUTORY FRAMEWORK

6. As defined in the Privacy Act, "maintain" includes various record keeping functions to which the Act applies: i.e., maintaining, collecting, using, and disseminating. In turn, this connotes control over and responsibility and accountability for systems of records.

7. The United States Air Force Reserve (USAFR) is a Reserve Component of the Air Force and is composed of federally recognized units and organizations of the Air Force.

8. The Department of the United States Air Force is required to maintain personnel records on all members of the federally recognized units and organizations of the Air Force.

9. Such records are records within the meaning of the Privacy Act.

10. Such records need not be physically located in the agency for them to be maintained by the agency.

## STATEMENT OF FACTS

11. Mr. Dorothy is currently a major in the United States Air Force Individual Ready Reserve ("IRR"). He entered military service on August 9, 1990, in the Oklahoma Air National Guard. In 1991 Mr. Dorothy was commissioned a second lieutenant on April 11, 1991.

12. After completing F-16C follow-on training, Mr. Dorothy served as a combat ready fighter pilot in the Oklahoma Air National Guard until he transferred to the United States Air Force Reserve in February 1997.  He accessed into the 301st Fighter Squadron Carswell Air Force Base, Texas.  In 1998, Mr. Dorothy volunteered to stand up the 97th Flying Training Squadron (FTS) as a traditional reserve associate instructor pilot. He was assigned to the 80th Flying Training Wing at Sheppard AFB supporting the European NATO joint jet pilot training program.

13. Mr. Dorothy was promoted through the ranks to the grade of major.  In 2005 he voluntarily accepted a four-year Active Guard Reserve ("AGR") Title 10 tour as flight instructor and given a one-year extension.  During his tour of duty he was upgraded from student instructor pilot to pilot instructor trainer, and eventually flight examiner, while embedded with the 90th FTS at Sheppard AFB.

14. In November 2009, the Air Force obtained information from Walgreens Pharmacy that Mr. Dorothy had prescriptions for the medication Ambien.  This information was given to Dr. DeShawn Stewart, flight surgeon with the Air Force, who contacted and interviewed Mr. Dorothy in January, 2010.  Mr. Dorothy explained the circumstances of the Ambien prescription and Dr. Stewart took no further action.  Mr. Dorothy's use of Ambien was entered into an Air Force system of records.

15. In early April, 2010, an issue arose as to whether Mr. Dorothy had operated an aircraft after a medical waiver had expired.  When questioned by his commander, Mr. Dorothy explained his belief that his waiver had been submitted by the flight surgeon's office and that he was medically qualified to fly.  The commander discovered that the flight surgeon's office had not submitted medical waivers in a number of cases, which prompted an investigation into Dr. Stewart and the Flight Surgeon's Office.  This resulted in Dr. Stewart and the Flight Surgeon's

Office reopening Mr. Dorothy's use of Ambien.

16. On June 4, 2010, the Air Force disqualified Mr. Dorothy from all flying classes. The Air Force obtained, with his consent, Mr. Dorothy's civilian medical records from his physician. Air Force concluded that Mr. Dorothy had chronic insomnia and unauthorized use of medications. Such diagnoses and findings, and his records from his personal physician, were included in Mr. Dorothy's medical records and other records that are part of an Air Force system of records.

17. On October 31, 2010, Mr. Dorothy was honorably discharged from his AGR tour and assigned to the Air Force Individual Ready Reserve ("IRR"). Mr. Dorothy returned to civilian employment with American Airlines as a first officer on December 2, 2010.

18. On January 12, 2011, Dr. Gene Salazar, of the Federal Aviation Administration, sent Mr. Dorothy a letter which stated in part that "we have received new information on the medical condition you had previously not disclosed" which "alleges you may have chronic insomnia and have been taking prescription hypnotic medications for many years". The letter asked for copies of any medical evaluations done by United States Air Force regarding use/abuse of hypnotic medication, i.e., Ambien, Lunesta or any other such prescription medications including generic equivalents.

19. In order to defend himself against the FAA investigation, Mr. Dorothy hired Dr. Mark J. Ivey, a sleep disorder specialist and Reserve Component Flight Surgeon, to investigate his records and render a medical opinion. On June 5, 2011, Dr. Ivey discovered that various employees of the Air Force had accessed the AIMWTS database after Mr. Dorothy's separation from active duty on 31 October 2010: Cetacea J. Barnett on December 13, 2010, DeShawn Stewart (flight surgeon) on January 11, 2011, Dr. Ann L. Hoyniak-Becker on January 12, 2011 at 0824 hours, and on January 13, 2011 by Brenda S. Kearney.

20. Subsequently, Mr. Dorothy submitted a freedom of information act request to the FAA and received, in part, notes dated 2-2-2011. An entry by "MRoland" dated January 12,

2011 7:44 a.m., indicates that the FAA had received notice from the USAF that Mr. Dorothy was using medication Ambien.  Defendant's aforesaid disclosure of information contained in Plaintiff's medical records to the FAA were willful and/or intentional and violated the Privacy Act.

21.  On information and belief, Defendant, through its agents, intentionally and/or willfully disclosed and released Mr. Dorothy's records protected by the Privacy Act under Defendant's systems of records on occasions other than January 12, 2011.

22.  Disclosure of Mr. Dorothy's alleged insomnia and use of prescription hypnotic medications was not pursuant to any "routine use" or exception under the Privacy Act.

23.  Plaintiff has suffered both economic and non-economic damages as a proximate result of the unlawful, intentional and/or willful disclosure of this confidential information by Defendant.

## COUNT I

24.  Plaintiff realleges paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25.  Among its many other functions, the Privacy Act ("Act"), 5 U.S.C. §552a, safeguards individuals from capricious dissemination of personal information by the government. Subsection (b) of the Act forbids an agency of the United States from disclosing information in its files to any person or to another agency, without the express consent of the individual to whom the information pertains.  5 U.S.C. §552a(b).  This provision is subject to several exceptions, none of which apply in the present case.

26.  A civil action for damages lies whenever any agency violates the provision of the Privacy Act in such a way as to have an adverse effect on an individual.  5. U.S.C. §552a(g)(1)(D).

27.  Each disclosure of Mr. Dorothy's confidential medical information to the FAA by the Defendant, without Mr. Dorothy's consent, as described herein, constitutes a violation of the

Privacy Act for each such disclosure and use of the information.

28. In disclosing Mr. Dorothy's medical records, Defendant acted intentionally and/or willfully.

29. As a proximate result of each of the Defendant's disclosure of Mr. Dorothy's confidential medical information, Mr. Dorothy suffered "adverse effects" in the form of damages and expenses incurred.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jay D. Dorothy prays for judgment against the Defendant as follows:

a. Award him monetary damages for the unlawful release of his records in an amount according to proofs at trial, but not less than $1,000.00 as authorized by law.

b. Award him reasonable attorney's fees and costs of this action incurred herein as authorized by law; and,

c. For such other and further relief as the Court may deem just and proper.

                NOEL D. CULBERT, P.L.L.C.

                BY: s/Noel D. Culbert
                      NOEL D. CULBERT (DC Bar # TX0105)
                      11493 Hidden Spring Trail
                      Dewitt, MI 48820
                      Telephone: (517) 927-8734
                      Facsimile: (517) 668-0550
                      Email: culbertlaw@aol.com
                      Attorney for Plaintiff

Dated: December 12, 2012